UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| REED BLACK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARTEK BIOSCIENCES CORPORATION, HENRY LINSET, JR., and PETER L. BUZY,<br><br>Defendants. | Civil Action No. 1:05-CV-1224-MJG |
| CARMELLA BROCCO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARTEK BIOSCIENCES CORPORATION, HENRY LINSERT, JR., STEVE DUBIN, and PETER L. BUZY,<br><br>Defendants. | Civil Action No. 1:05-CV-1257-MJG |
| KITISAK SOWATTANANGKUL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARTEK BIOSCIENCES CORPORATION, HENRY LINSERT, JR., and PETER L. BUZY,<br><br>Defendants. | Civil Action No. 1:05-CV-1309-MJG |

[Captions continued on next page]

#473733v.1

| | | |
|---|---|---|
| FRED WRIGHT, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-1354-MJG |
| MARTEK BIOSCIENCES CORPORATION, HENTRY LINSERT, JR., and PETER L. BUZY, | ) ) ) ) ) | |
| Defendants. | ) | |
| MARK G. EPSTEIN, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-1508-MJG |
| MARTEK BIOSCIENCES CORPORATION, HENRY LINSERT, JR., and PETER L. BUZY, | ) ) ) ) ) | |
| Defendants. | ) | |
| KRIS PETERSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:05-CV-1556-MJG |
| MARTEK BIOSCIENCES CORPORATION, HENRY LINSERT, JR., and PETER L. BUZY, | ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE REED GROUP TO CONSOLIDATE ACTIONS, TO BE
APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF
<u>LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL</u>**

**PRELIMINARY STATEMENT**

Martek Biosciences Corporation ("Martek" or the "Company") investors Jerry Reed, Alfonso Salas, individually and as trustee for Salas Family Trusts A & B, Sol Schaffer, Roy Gentles, individually and on behalf of Margaret Gentles, and John Younginer ( the "Reed Group" or "Movant") have losses totaling approximately $332,722 as a result of their investments in Martek. Accordingly, the Reed Group is believed to have suffered the largest financial loss of any other movant and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Reed Group hereby moves for its appointment as lead plaintiff of a proposed class of persons or entities who purchased or acquired Martek securities between December 9, 2004 and April 27, 2005, inclusive (the "Class Period").

**INTRODUCTION**

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

The Reed Group, with losses of approximately $332,722, in connection with its purchases of Martek securities during the Class Period, is suitable and adequate to serve as lead plaintiff.[/1] Furthermore, the members of the Reed Group have submitted certifications

---

/1  The losses suffered by Movant are not the same as its legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

demonstrating their desire to serve as lead plaintiff in this action and their understanding of the attendant duties and obligations of serving as such. *See* Winchester Decl. at Exhibit A.[/2] To the best of its knowledge, the Reed Group's losses represent the largest known financial interest of any Class member seeking to be appointed as lead plaintiff. *See* Winchester Decl. at Exhibit C. Movant is not aware of any other class member that has filed an action or filed an application for appointment as lead plaintiff that has sustained greater financial losses. In addition, the members of the Reed Group satisfy each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") and, therefore, are qualified for appointment as lead plaintiff in these actions. Thus, as demonstrated herein, the Reed Group is presumptively the most adequate plaintiff and should be appointed lead plaintiff.

The Reed Group respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D of the Exchange Act, 15 U.S.C. § 78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Reed Group to serve as Lead Plaintiff pursuant to the Exchange Act; (3) approving the Reed Group's selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class; and (4) approving the Reed Group's selection of Tydings & Rosenberg LLP to serve as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about May 4,

---

/2   The sworn certifications for the members of the Reed Group documenting their transactions pursuant to the federal securities laws are attached as Exhibit A to the Declaration of Robin Winchester In Support Of The Motion Of The Reed Group To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel and Liaison Counsel (the "Winchester Decl.").

2

2005.[3] Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), on May 4, 2005, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than July 5, 2005. *See* Winchester Decl. at Exhibit B.

The members of the Reed Group are class members (*see* Winchester Decl. at Exhibit A) and are timely filing this motion within the 60 day period following publication of the May 4, 2005 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[4]

Martek is a Delaware corporation and maintains its principal place of business in Columbia, Maryland. Martek is an innovator in the research and development of materials derived from microalgae for use in products such as infant formulas and food supplements. The Company also makes and sells a series of proprietary and nonproprietary florescent markers.

Throughout the Class Period, defendants failed to disclose or indicate: (1) that due to the Company's productions issues in the past, the defendants flooded its major customers with excess inventory throughout the fourth quarter of fiscal year 2004 and the first quarter of fiscal year 2005 in order for Martek to meet its financial numbers; (2) that as a result of defendants' channel stuffing, Martek's financial results were materially inflated; and (3) that as a result of the above, the Company's statements about its fiscal year 2005 financial performance were lacking

---

[3] Upon all information and belief, the first filed lawsuit against defendants, *Black v. Martek Biosciences Corporation, et al.*, No. 1:05-CV-1244-MJG, was filed in the District of Maryland on May 4, 2005.

[4] These facts were derived from the allegations contained in the class action styled as *Black v. Martek Biosciences Corporation, et al.*, No. 1:05-CV-1244-MJG (D. Md.) filed on May 4, 2005.

in any reasonable basis when made.

On March 27, 2005, after the market closed, Martek provided an update of its earnings estimates and production plan for fiscal year 2005. The Company announced that it anticipated a decrease in third quarter sales due to a reduced customer demand created by the Company's previous channel stuffing. In addition, Martek announced that it expected delays in its expansion of products to international customers and the full utilization of its products on the U.S. market. As a result, the Company anticipated materially lower earnings for fiscal year 2005 than it had previously estimated. On this news, shares of Martek fell $32.49 per share, or 45.9 percent, on April 28, 2005, on unusually heavy trading volume.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Martek securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of purchasers of Martek securities who purchased in reliance on the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

## II.   THE REED GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *PR Newswire* on May 4, 2005. *See* Winchester Decl. at Exhibit B.[/5] This notice indicated that applications for appointment as lead plaintiff were to be made no later than July 5, 2005. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining who is the "most adequate plaintiff," the Exchange Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any

---

/5   *PR Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 567 (D. Md. 2001); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

>private action arising under this title is the person or ***group of persons*** that-
>
>>(aa)  has either filed the complaint or made a motion in response to a notice . . .
>>
>>(bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>>
>>(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added). *See In re First Union Corp. Sec. Litig.,* 157 F. Supp. 2d 638, 641 (W.D.N.C. 2000); *USEC,* 168 F. Supp. 2d at 565 (same).

### B.     The Reed Group Is "The Most Adequate Plaintiff"

#### 1.     The Reed Group Has Made A Motion For Its Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Reed Group timely moves this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

#### 2.     The Reed Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. *See First Union*, 157 F. Supp. 2d at 641. As is demonstrated herein, the Reed Group (with losses of $332,722) has the largest known financial interest in the relief sought by the Class. *See* Winchester Decl. at Exhibit C.

#### 3.     The Reed Group Otherwise Satisfy Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial

interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, a presumptive lead plaintiff need make only a *prima facie* showing that it can satisfy the typicality and adequacy requirements of Rule 23 to be appointed. *See USEC*, 168 F. Supp. 2d at 566 ("No more than a preliminary showing need be made early in the case"). As detailed below, the members of the Reed Group satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.[6]

### a. The Reed Group Fulfills The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if a lead plaintiff's claim "arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability."

---

/6   The members of the Reed Group have claims that are typical of those of other class members and can adequately serve as lead plaintiff. Jerry Reed is a retired operator for an oil company and resides in Texas; Alfonso Salas is a retired Federal government employee specializing in finance and resides in New Mexico; Sol Schaffer is a retired dentist and resides in New Jersey; Roy Gentles is a retired CEO and President of a national Aluminum Corporation and resides in Ohio; and John Younginer is the Vice President of sales for an electrical distribution company and resides in South Carolina. The members of the Reed Group are committed to working together in the joint prosecution of this action.

*In re MicroStrategy, Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000). However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality. *See Ferrari v. Impath*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

The Reed Group seeks to represent a class of purchasers of Martek securities which have identical, non-competing and non-conflicting interests. The members of the Reed Group satisfy the typicality requirement because, just like all other class members, they: (1) purchased or acquired Martek securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, Movants' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

### b. Movants Fulfill The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant is clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B). As detailed above, the members of the Reed Group share common questions of law and fact with the members of the Class and their claims are typical of the claims of other class members. Further, the members of the Reed Group have already taken significant steps demonstrating that they have and will protect the interests of the Class: they have executed

sworn certifications detailing their Class Period transactions and expressing their willingness to serve as lead plaintiff; they have moved this Court to be appointed as lead plaintiff in this action; and they have retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. *See MicroStrategy,* 110 F. Supp. 2d at 435-36 (discussing adequacy requirement). Furthermore, having the largest known financial interest gives the Reed Group "an incentive to prosecute the action vigorously." *Ferrari v. Gisch,* 225 F.R.D. 599, 607 (C.D. Cal. 2004). Thus, the Reed Group, in addition to having the largest financial interest, also *prima facie* satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure and, therefore, satisfy all elements of the Exchange Act's prerequisites for appointment as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### III.  THE COURT SHOULD APPROVE THE REED GROUP'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, the Reed Group has selected and retained Schiffrin & Barroway, LLP to serve as Lead Counsel for the Class and Tydings & Rosenberg LLP to serve as Liaison Counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. *See* Winchester Decl. at Exhibits D and E.

Because there is nothing to suggest that the Movant or its counsel will not fairly and adequately represent the Class, or that Movant is subject to unique defenses -- which is the *only* evidence that can rebut the presumption of adequacy under the Exchange Act -- this Court should appoint the Reed Group as lead plaintiff and approve its selection of Schiffrin &

Barroway, LLP as Lead Counsel for the Class and Tydings & Rosenberg as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint the Reed Group as Lead Plaintiff; (c) approve Schiffrin & Barroway, LLP as Lead Counsel for the Class; and (d) approve Tydings & Rosenberg LLP as Liaison Counsel for the Class.

Dated: July 5, 2005

                                                                      /S/
John B. Isbister, Bar No. 00639
Lawrence J. Quinn, Bar No. 07545
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Telephone:    (410) 752-9700
Facsimile:    (410) 727-5460
jisbister@tydingslaw.com
lquinn@tydingslaw.com

**Proposed Liaison Counsel**


**SCHIFFRIN & BARROWAY, LLP**
Stuart L. Berman
Sean M. Handler
Robin Winchester
280 King of Prussia Road
Radnor, PA 19087
Telephone:    (610) 667-7706
Facsimile:    (610) 667-7056

**Proposed Lead Counsel**