

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

_____
IN RE MARTEK BIOSCIENCES CORP., )
SECURITIES LITIGATION )  Civil Action No. MJG 05-1224
_____)

### ORDER AUTHORIZING DISTRIBUTION OF CLASS SETTLEMENT FUND

WHEREAS, by its Final Judgment and Order of Dismissal dated April 4, 2008, this Court approved the terms of the Settlement Agreement dated as of December 14, 2007 (the "Settlement Agreement") and the Plan of Allocation for distributing the settlement proceeds to Class Members; and

WHEREAS, this Court had directed the parties to consummate the terms of the Stipulation and Plan of Allocation; and

WHEREAS, the $6 million cash settlement proceeds have been deposited by the Defendants into an interest-bearing escrow account maintained by A.B. Data, Ltd. ("A.B. Data"), the Claims Administrator for the Settlement, on behalf of the Class (the "Settlement Fund"); and

WHEREAS, as set forth in the Notice of Proposed Settlement of Class Action and Motion for Attorneys' Fees and Expenses (the "Notice"), the deadline for Class Members to submit Proof of Claim and Release forms ("Proofs of Claim") in order to participate in the distribution of the Settlement Fund was May 15, 2008; and

WHEREAS, in satisfaction of due process requirements, all Class Members who filed claims that were in any way ineligible or deficient were: (1) informed that their claims were ineligible or deficient; and (2) given opportunities to correct any deficiency prior to their claims

being finally rejected, or to contest the determination as to the deficiency, by requesting a hearing before the Court; and

WHEREAS, the process of reviewing all Proofs of Claim has been completed; and

WHEREAS, Plaintiffs' Co-Lead Counsel now seek authorization to distribute the Net Settlement Fund to Authorized Claimants, less any fees and expenses approved by this Order; and

WHEREAS, this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants;

NOW, THEREFORE, upon reading and filing: (i) the Affidavit of Michelle M. La Count in Support of Motion for Distribution of Class Settlement Fund (the "La Count Affidavit"), submitted on behalf of A.B. Data; (ii) the Joint Declaration of Janine L. Pollack of Milberg LLP and Christopher L. Nelson of Barroway Topaz Kessler Meltzer & Check, LLP, Plaintiffs' Co-Lead Counsel for Lead Plaintiffs and the Class; and upon all prior proceedings heretofore had herein, and after due deliberation, it is hereby

ORDERED, that the administrative determinations of A.B. Data accepting the claims as indicated on the computer printout of accepted claims submitted and described in the La Count Affidavit, calculated under the Court-approved Plan of Allocation set forth in the Notice, including claims submitted after May 15, 2008, be and the same hereby are approved, and said claims are hereby accepted; and it is further

ORDERED, that the administrative determinations of A.B. Data rejecting the claims as indicated on the computer printout of rejected claims submitted with and described in the La

Count Affidavit under the Court-approved Plan of Allocation be and the same hereby are approved, and said claims are hereby rejected; and it is further

ORDERED, that A.B. Data be paid the sum of $32,572.13 from the Settlement Fund as payment for the balance of its fees and expenses incurred and to be incurred in connection with giving notice to the Class, processing Proofs of Claim, preparing the tax returns for the Settlement Fund and distributing the Net Settlement Fund to the Authorized Claimants; and it is further

ORDERED, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the Authorized Claimants listed on the computer printout submitted with the La Count Affidavit under the Court-approved Plan of Allocation in proportion to each Authorized Claimant's Recognized Loss as compared to the total Recognized Losses of all accepted claimants as shown on such printout; and it is further

ORDERED, that distributions to the Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER DISTRIBUTION DATE." Plaintiffs' Co-Lead Counsel and A.B. Data are authorized to take appropriate action to locate and/or contact any Authorized Claimant who has not cashed his, her or its distribution within said time; and it is further

ORDERED, that after one (1) year following the initial distribution of the Net Settlement Fund to Authorized Claimants and after A.B. Data has taken reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, the Claims Administrator be directed to redistribute any balance remaining in the Net Settlement Fund to Class Members who have cashed their initial

distributions and who would receive at least $10.00 from such redistribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, if such a redistribution is economically feasible. If after six (6) months following such redistribution, if undertaken, any funds remain in the Net Settlement Fund, then Plaintiffs' Lead Counsel shall advise the Court and other counsel of the amount remaining and pay the balance to the Clerk of Court, subject to further Order; and it is further

ORDERED, that the Court finds that the administration of the Settlement and the proposed distribution of the Net Settlement Fund comply with the terms of the Settlement Agreement and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they are to receive payment from the Net Settlement Fund are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order; and it is further

ORDERED, that A.B. Data is hereby authorized to discard paper or hard copies of Proofs of Claim and supporting documents not less than one (1) year after the initial distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media data not less than three (3) years after the initial distribution of the Net Settlement Fund to the eligible claimants; and it is further

ORDERED, that this Court retain jurisdiction over any further application or matter which may arise in connection with this action; and it is further

ORDERED, that claims submitted after April 27, 2009 may be accepted only for excusable neglect on the part of the claimant, as determined by Plaintiffs' Co-Lead Counsel.

Dated: ___May 7___, 2009                    _____/s/_____
                                            HON. MARVIN J. GARBIS
                                            UNITED STATES DISTRICT COURT
                                            FOR THE DISTRICT OF MARYLAND